Morphy, J.
delivered the opinion of the court.
The plaintiff sued out an order of seizure and sale of a slave belong- [32] ing to defendant, on an act importing a confession of judgment. The latter took on him a rule to show cause why it should not be set aside on the ground that the petition had not been served on Mm in the French language, his mother tongue. The judge made the rule absolute, but with leave to plaintiff to amend his petition by filing a copy of it in French, and upon his paying costs up to the time of the amendment. The petition in French having been filed and service thereof having been accepted by defendant, a few days after, he took another rule to set aside the order of seizure and sale on the ground that plaintiff had not paid the costs which he had previously been decreed to pay, and that no further proceedings could be had in the suit. This rule being discharged, the defendant appealed.
The judge decided correctly; the proceedings instituted by plaintiff had not been discontinued nor had he been nonsuited; on the contrary he had obtained leave to amend, which he did with a view to proceed with Ms case. Oode of Practice, arts. 492, 535; 7 La. Rep. 413. The appellee has prayed for damages for the frivolous appeal. We would not hesitate to allow them, were it not that on examining the authentic act annexed to the petition, we find in it a stipulation by which the slave mortgaged is to remain in the possession of the plaintiff, with the right to enjoy his hire and services for the use of the money loaned to defendant, to wit, $400, the amount of the note sued on, until the same shall be paid. This accounts for the extraordinary forbearance of the plaintiff who brought suit only in April, 1839, although defendant’s note fell due in August, 1836. Under such circumstances, and when plaintiff is already receiving much more than the highest rate of conventional interest, we cannot say that he has suffered any damages by the delay consequent on the appeal.
The judgment of the district court is therefore affirmed with costs.